LEROY C. SPENCE, APPELLANT, v. SCHOOL DISTRICT NO. 3, ARTHUR COUNTY, APPELLEE.

FILED APRIL 10, 1931. No. 27703.

*Beeler, Crosby & Baskins,* for appellant.

*Halligan, Beatty & Halligan* and *W. I. Tillinghast,* contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

This is a suit for damages for the breach of a contract to employ the plaintiff to teach in school district No. 3 of Arthur county. The district sought to avoid the consequences of the contract for that it was induced by false and fraudulent representations. The plaintiff appeals from a verdict in favor of defendant.

The plaintiff contracted to teach the school of defendant district for nine months beginning in August, 1927. It is agreed that the school would continue until sometime in May. The fraud complained of by the defendant is that the contract, which was prepared by the plaintiff, contained the representation that he held a certificate good in said county beyond the term of the contract; and that said certificate was issued May 20, 1925, and expired May 20, 1928. This representation as to his certificate was false and known by plaintiff to be false, as his certificate expired April 20, nearly a month before the expiration of the contract. About ten days later the members of the board discovered the fraud and insisted that plaintiff qualify for the entire term of the contract. This was early in June

and he could have qualified by attending a normal school during the summer. He even contends that he could have qualified by means of an extension course during the term of the contract. However, from a careful consideration of the record, it is apparent that the plaintiff had no intention of renewing his certificate and so expressed himself to the members of the school board. It is a fair inference from the record that he intended to teach only until his certificate expired. The members of the board relied upon his false and fraudulent representation and signed the contract. When he refused to renew his certificate they refused to let him teach. He seeks to recover his salary for the portion of his contract during which his certificate permitted him to teach. Except in so far as controlled by statute, the validity of a contract of employment of a teacher in the public schools is governed by the rules relating to contracts generally. Thus, the contract must be mutual, certain and definite in its terms and free from fraud and illegality. 35 Cyc. 1081. It is said in 13 C. J. 382: "It may be laid down as a general rule that any false representation of a material fact, made with knowledge of its falsity and with intent that it shall be acted on by another in entering into a contract, and which is so acted on, constitutes fraud and will entitle the party deceived thereby to avoid the contract or to maintain an action for the damages sustained." The plaintiff in this case contends that this contract cannot be avoided by the district for that the district has not been prejudiced or injured by the fraud, but it is not necessary that the damage be monetary. We are of the opinion that the school district was prejudiced and injured in this case, in that they contracted with a teacher who represented himself to be qualified to teach the entire term, when as a matter of fact he was not. The board had a discretion as to whether or not they would hire a man under the circumstances, and they were deprived of the free exercise of that discretion by the misrepresentations and fraud of the plaintiff.

Questions of fact in this case were all submitted to the jury under proper instructions, and, there being no reversible error, the judgment of the district court is

AFFIRMED.